IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

James Anderson,

                              Petitioner,

vs.

Warden,

                              Respondent.

C/A No. 1:18-3231-JFA-SVH

**ORDER**

## I.    INTRODUCTION

James Anderson, ("Petitioner"), proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On March 25, 2019, Warden ("Respondent") filed a Motion for Summary Judgment and filed a return with a memorandum of law in support. (ECF No. 26 & 27). On March 25, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 28). On April 24, 2019, Petitioner responded. (ECF No. 30). On April 30, 2019, Respondent replied to Petitioner's response. (ECF No. 31). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Summary Judgment and dismiss the petition with prejudice. (ECF No. 34). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object."
*Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing
*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court
reviews portions "not objected to—including those portions to which only 'general and
conclusory' objections have been made—for *clear error.*" *Id.* (emphasis added) (citing *Diamond*,
416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket
on September 25, 2019. (ECF No. 34). Petitioner filed objections to the Report ("Objections") on
November 18, 2019. (ECF No. 40). Thus, this matter is ripe for review.

## I.    LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when
there is no genuine dispute as to any material fact and the moving party is entitled to judgment as
a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that
"might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*,
242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
(1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving
party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of
material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the
opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or
other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for
trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-

moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## II.    DISCUSSION

Petitioner originally asserted six grounds for relief in his petition. (ECF No. 1). However, on June 26, 2019, Petitioner withdrew Grounds One, Three, and Seven. (ECF No. 32). Accordingly, Petitioner raises the following issues:

> **Ground Two:** The trial judge erred in refusing to strike the testimony concerning fingerprint analysis, or in the alternative declare a mistrial.
>
> **Ground Four:** Failure to investigate and adequately cross examine witness [minor JE] which was a minor at the time.
>
> **Ground Five:** Prosecutorial misconduct; prosecutor did not provide trial defense counsel with discovery in a timely fashion. She been had that statement because the officer talked to [minor JE] the night of the burglary.
>
> **Ground Six:** Prosecutorial misconduct, prosecutor did not provide defense counsel with all relevant discovery materials.

(ECF No. 20-1 at 5-12 (errors in original)).

Respondent concedes that Petitioner has properly exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A) and his remaining grounds for relief have been preserved for habeas review. (ECF No. 26). The Magistrate Judge correctly analyzed Petitioner's claims under § 2254(d) to assess whether the state courts unreasonably applied established Supreme Court precedent or based their decisions on an unreasonable determination of the facts.[2]

---

[2] Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a

### a. Ground Two

In Ground Two, Petitioner alleges the trial court erred in refusing to strike the testimony concerning the fingerprint analysis because, according to his re-submitted petition for rehearing, the prosecutor did not turn over the unmatched prints returned by Automated Fingerprint Identification System to the defense prior to trial. (ECF No. 20-3, p. 7). Petitioner raised this issue on direct appeal and the South Carolina Court of Appeals ruled on the merits of it, finding that the state did not commit a *Brady* violation because Petitioner could not establish that "the unmatched fingerprints…would constitute exculpatory or favorable impeachment evidence." *State v. Anderson*, 407 S.C. 278, 754 S.E.2d 905 (Ct. App. 2014). Respondent argues and the Magistrate Judge agrees Petitioner has failed to demonstrate how the Court of Appeals erred in its finding. (ECF No. 26 & 34).

In his Objections, Petitioner argues "trial counsel's speculative assessment of a single fingerprint in a motel room would greatly increase a guilty verdict without any identification of the individual being present at that time of the incident is clearly unreasonable." (ECF No. 40). Petitioner's objection fails to establish the materiality of the unmatched fingerprints or explain how the Magistrate Judge's conclusion is incorrect. This Court agrees with the Magistrate Judge's Report and finds that Petitioner has failed to establish that the Court of Appeals erred in its finding that the fingerprint evidence was immaterial under *Brady.* Accordingly, Petitioner has failed to demonstrate that he is entitled to relief on ground two of his petition.

---

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. 2254(d).

### b. Ground Four

In Ground Four, Petitioner asserts his trial counsel was ineffective for failing to investigate or adequately cross examine one of the State's witnesses, J.E. (ECF No. 20). Petitioner raised this issue in his Post-Conviction Relief ("PCR") application and the PCR Court addressed it on the merits. The PCR Court held that Petitioner failed to meet his burden of proving that his trial counsel was ineffective for failing to investigate the facts and circumstances surrounding J.E.'s eyewitness testimony and identification of Petitioner during the state's direct examination. (ECF No. 26 & 34). The Magistrate Judge concluded that Petitioner has failed to show how the PCR court's decision was an unreasonable application of clearly established Supreme Court precedent or based on an unreasonable interpretation of the facts. (ECF No. 34). In his Objections, Petitioner argues that counsel admitted he asked J.E. a "stupid question" during his cross examination. (ECF No. 40). During J.E.'s cross examination, counsel pointed to Petitioner and asked whether he was the person in J.E.'s room on the night in question. (ECF No. 34). To counsel's surprise, J.E. answered "yes." (ECF No. 34). Petitioner argues counsel provided him with ineffective assistance of counsel by asking this question because he was one of only two black men in the room, the other being a juror. (ECF No. 40). Petitioner's objections still fail to explain how the PCR Court's decision was unreasonable. This Court agrees with the Report that the PCR Court addressed the merits of the issue and applied the applicable law to determine that counsel made a reasonable tactical decision not to investigate J.E. and to cross examine him in this manner. (ECF No. 34). Accordingly, Petitioner has failed to show that he is entitled to relief on ground four of his petition.

### c. Ground Five and Six

In Grounds Five and Six, Petitioner asserts claims for prosecutorial misconduct for the prosecution's failure to (1) identify J.E. as a potential witness sooner and (2) provide trial counsel

with the unmatched fingerprints from the Automated Fingerprint Identification System. (ECF No. 20). Petitioner has raised these claims in his direct appeal and in his PCR application.

As for Ground Six based on the unmatched fingerprints, the PCR Court deferred to the Court of Appeals decision on this issue. The Magistrate Judge points out that Petitioner's Ground Six for relief is substantively the same as Ground two. (ECF No. 34). Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment or in his Objections. (ECF No. 30 & 40). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, Petitioner has failed to demonstrate that he is entitled to relief on ground six of his petition.

As for Ground five based on the prosecutor's failure to identify J.E. sooner, the PCR Court found that the state committed no error by disclosing discovery the week before trial when the state was not aware of the discovery beforehand. (ECF No. 26). Additionally, Petitioner's counsel also testified that he would not have benefitted from receiving it earlier. (ECF No. 26). The Magistrate Judge concluded Petitioner's only arguments on this ground are insufficient to establish the PCR Court's finding was unreasonable. (ECF No. 34). In his Objections, Petitioner re-states when counsel was notified of J.E. as a witness and refers to the prosecutor's letter which stated that J.E. could not identify the burglar. (ECF No. 40). Once again, Petitioner's objections fail to demonstrate how the Magistrate Judge's conclusion is incorrect or that the PCR Court's decision was unreasonable. If anything, Petitioner's objections reaffirm the prosecutor's actions because the letter is evidence that the prosecutor notified counsel of the witnesses' identities and was unaware J.E. would identify Petitioner on the stand. Accordingly, Petitioner has failed to demonstrate that he is entitled to relief on ground five of his petition.

### III.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 34). Thus, Respondent's Motion for Summary Judgment is granted (ECF No. 27) and Petitioner's habeas petition is dismissed with prejudice (ECF No. 1).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]


IT IS SO ORDERED.


February 5, 2020                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."